# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHONG CHOE, | ) |
|     Plaintiff, | ) |
| v. | ) CAUSE NO.: 2:19-CV-348-TLS-JEM |
| UNITED STATES OF AMERICA; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and LIBERTY MUTUAL COMMERCIAL MARKET, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff and Defendant United States' Stipulation of Dismissal without Prejudice [ECF No. 24].[1] On July 31, 2019, Plaintiff filed his Complaint [ECF No. 2] in Lake County, Indiana, Circuit Court, raising claims against Iqbal Singh, United States Postal Service, State Farm Mutual Automobile Insurance, and Liberty Mutual Commercial Market. Defendant United States Postal Service filed a Notice of Removal [ECF No. 1] to remove this case to federal court on September 16, 2019. On October 21, 2019, United States of America filed a Notice of Substitution [ECF No. 20] to substitute the United States of America for Defendants Iqbal Singh and the United States Postal Service. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (noting that "the United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment"). On that same date, Defendant United States filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [ECF No. 21].

---

[1] Plaintiff also filed a Stipulation of Dismissal with Defendant Liberty Mutual Commercial Market that will be addressed in a separate order.

Subsequently, on November 11, 2019, the Plaintiff and Defendant United States filed a Stipulation of Dismissal Without Prejudice [ECF No. 24]. The parties stipulated that claims against the United States would be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Stipulated dismissals under Rule 41(a)(1)(A)(ii) do not require judicial approval. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (stating that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared"); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (noting that a voluntary dismissal under Rule 41(a)(1) is effective upon the filing of the stipulation); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) ("Rule 41(a)(1)(A)(ii) requires that the stipulation be filed in court, and the date of filing is the date the dismissal takes effect.").

However, Rule 41(a) speaks in terms of dismissing an "action" but does not mention the dismissal of individual claims. S*ee Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1) speaks in terms of dismissing an action, not a claim). Therefore, a stipulation for dismissal is ineffective here because the claims asserted against the remaining Defendants are part of the same "action" as the claims against the United States that the stipulation seeks to dismiss.

This Court follows the reasoning set forth in *Gatling v. Nickel*, 275 F.R.D. 495 (E.D. Wis. 2011), where the district court invoked Rule 41(a)(2) to dismiss individual claims—but not the entire action—pursuant to a stipulation of the parties. The *Gatling* court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not

> permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n. 7 (9th Cir. 2005), it does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

*Gatling*, F.R.D. at 496.[1]

In consideration of the procedural context of this case, the Court finds that it has the power, as the court did in *Gatling*, to enter an order pursuant to Rule 41(a)(2) to dismiss certain claims. The Court further finds that dismissal of the claims against Defendant United States is appropriate because the context in which dismissal is sought is not adversarial and there is no prejudice to either party in allowing the dismissal. It would serve no purpose here, where the parties have stipulated to the dismissal, to require the Plaintiff to move to amend his complaint (or construe the stipulation as a motion to amend), for which leave would be freely granted, and then require the Defendant to defend the new complaint.

## CONCLUSION

Having construed the parties' Stipulation for Dismissal Without Prejudice as a request for a Court order, the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), GRANTS the dismissal [ECF No. 24] and ORDERS that Plaintiff's Complaint against Defendant United States

---

[1] Other courts have required that a plaintiff who wishes to drop some claims but not others should do so by amending the complaint pursuant to Rule 15. *See, e.g.*, *Cedar Lake Ventures I, LLC v. Town of Cedar Lake, Ind.*, No. 2:10-cv-255, 2010 WL 3927508, at *2 (N.D. Ind. Oct. 4, 2010) (converting "faulty" Rule 41(a)(2) motion into a Rule 15 motion to amend the complaint); *Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998) ("A motion to dismiss voluntarily a single claim in a multi-count complaint is more properly treated as an amendment to the original complaint under Fed. R. Civ. P. 15(a).").

of America is DISMISSED without prejudice. Because Defendant United States of America is no longer a party to the action, the Court DENIES as moot the pending Motion to Dismiss for Failure to State a Claim [ECF No. 21].

SO ORDERED on November 21, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT